# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NOVASTAR FINANCIAL, INC.,
and NOVASTAR MORTGAGE, INC.,

   Plaintiffs,

vs.             Case No. 03-2498-CM

PMI MORTGAGE INSURANCE CO.,

   Defendant.

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS

This matter comes before the court on Defendant's Motion to Compel Discovery and Request for Sanctions (Doc. 62). Defendant seeks an order compelling plaintiffs to serve answers and responses to defendant's second set of interrogatories, second set of requests for admissions, and second set of requests for production. Defendant also asks the court to impose monetary sanctions on plaintiffs. Plaintiffs have filed a memorandum in opposition to defendant's motion to compel (Doc. 82) and assert therein their reasons why defendant's motion should be denied. Defendant has filed a reply memorandum to plaintiffs' memorandum in opposition to defendant's motion. (Doc. 95). This matter has been fully briefed and is now ready for decision.

Plaintiffs filed this action against defendant for breach contract and breach of duty of good faith and fair dealing based upon defendant's decisions to rescind insurance coverage on twenty-two loans made by plaintiffs. On October 5, 2004, plaintiffs filed their First Amended Complaint, adding twelve additional loans to the twenty-two loans previously in dispute. On November 24, 2004, defendant served its second

set of written discovery to obtain supplemental information regarding the newly added loans. Plaintiffs

served their responses to these discovery requests on January 10, 2005. On February 9, 2005, this court

granted defendant an extension of time until February 16, 2005 to file the instant motion to compel. For

the reasons stated below, defendant's Motion to Compel Discovery and Request for Sanctions is granted

in part and denied in part.

## I.  Discussion

### A.  Certification Requirement

The court first addresses whether defendant has satisfied the certification requirement provided in

Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2. Plaintiffs argue that defendant's motion should be

denied for defendant's alleged "failure to satisfy its obligation to make a reasonable effort to confer before

filing its motion."[1]   In its reply, defendant argues that it satisfied the requirements under Fed. R. Civ. P.

37(a)(2)(B) and D. Kan. Rule 37.2.

Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant

has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to

secure the disclosure without court action."[2]   Thus, "[b]efore filing a motion, the movant must make

---

[1]  Plaintiffs' Memorandum in Opposition to Defendant's Motion to Compel Discovery and
Request for Sanctions, (Doc. 82) at 2.

[2]  Fed. R. Civ. P. 37(a)(2)(B).  *See also* D. Kan. R. 37.2 (stating that "[e]very certification
required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve
discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to
resolve the issues in dispute").

reasonable efforts to confer."[3]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[4]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[5]  "When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the dispute."[6]

The court notes that defendant submitted with its motion to compel its "certification of efforts to secure discovery without court action."  In its certification (Doc. 64), defendant sets out in detail a series of communications, meetings, and other events leading up to the filing of the instant motion.  The certification also includes numerous exhibits referenced in the certification.  In their response to defendant's motion, plaintiffs provide a detailed explanation of the communications, meetings, and events prior to the filing of the instant motion.[7]

The court finds that defendant has satisfied the certification requirement set forth in Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. R. 37.2.  Defendant and plaintiffs have conducted an in-person meeting and have exchanged numerous, lengthy, and detailed e-mails regarding defendant's discovery requests.  For these reasons, the court rejects plaintiffs' argument that defendant's motion should be denied for its alleged

---

[3] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[4] D. Kan. Rule 37.2.

[5] *Id.*

[6] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[7] *See* Plaintiffs' Memorandum, (Doc. 82) at 2.

"failure to satisfy its obligation to make a reasonable effort to confer before filing its motion." The court finds that defendant has satisfied the certification requirement under Fed. R. Civ. P. 37(a)(2)(B) and that defendant has, in good faith, conferred with plaintiffs regarding the discovery dispute in an effort to secure discovery without the court's involvement.  The objection of "failure to confer in good faith" is also overruled as to each discovery request to which it has been asserted.

### B.  Analysis

#### 1.  Interrogatories

The court next addresses defendant's motion to compel discovery with respect to defendant's second set of Interrogatory Nos. 16, 17, 19-29, and 32-34.

Interrogatory No. 16

Defendant's Interrogatory No. 16 requests that plaintiffs, "[t]o the extent not identified in prior interrogatory responses, for each mortgage loan at issue in this litigation, describe all facts that support Novastar's contention that PMI improperly rescinded and/or excluded those loans from coverage."  In its response to PMI's Motion to Compel, Novastar objects to this interrogatory on the grounds that PMI failed to confer in good faith and because the interrogatory "is duplicative of the information already provided" in NovaStar's disclosures.[8]

As explained above, the court finds that defendant satisfied its duty to confer and, therefore, this objection is overruled.   Plaintiffs also contend that Interrogatory No.16 is duplicative "because the information it requests has already been detailed in the written communications between NovaStar and PMI

---

[8]  Plaintiffs' Memorandum, (Doc. 82) at 8.

4

with respect to each loan at issue, all of which have been produced."[9]  In its motion to compel, defendant

asserts that plaintiffs "appear[] to be invoking Fed. R. Civ. P. 33(d)."[10]  Because plaintiffs asserts that the

information responsive to Interrogatory No. 16 may be found in "disclosures" previously produced, the

court finds that this is a reasonable interpretation of plaintiffs' answer.

Pursuant to Fed. R. Civ. P. 33(d), "[w]here the answer to an interrogatory may be derived or

ascertained from the business records of the party upon whom the interrogatory has been served . . . it is

a sufficient answer to such interrogatory to specify the records from which the answer may be derived or

ascertained."[11]  However, Fed. R. Civ. P. 33(d) requires that such a specification "be in sufficient detail

to permit the interrogating party to locate and to identify . . . the records from which the answer may be

ascertained."[12]

In relying on Fed. R. Civ. P. 33(d), "[a]n answering party cannot simply refer to a mass of

documents."[13]  "'[A] general reference to voluminous documents is not sufficient' to satisfy the specificity

requirements of Fed. R. Civ. P. 33(d)."[14]  "To rely on Rule 33(d), parties must identify in their answers to

---

[9]  Plaintiffs' Memorandum, (Doc. 82) at 7.

[10]  Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 4.

[11]  Fed. R. Civ. P. 33(d).

[12]  *Id.*

[13]  *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304, 1996 U.S. Dist. LEXIS 10014, at *8 (D. Kan. July 11, 1996) (quoting *Thompson v. Glenmede Trust Co.*, No. Civ. A 92-5233, 1995 U.S. Dist. LEXIS 18780, at *12 (E.D. Pa. Dec. 19, 1995)).

[14]  *Id.* (quoting *SEC v. Bilzerian (In re Bilzerian)*, 190 Bankr. 964, 965 (Bankr. M.D. Fla. 1995)).

interrogatories specifically which documents contain the requested information."[15]  "If they cannot comply with these requirements, they must otherwise answer the interrogatories fully and completely."[16]

Defendant asserts that plaintiffs' answer to Interrogatory No. 16 fails to "identify the specific documents which NovaStar claims contain the requested information."[17]  In its answer and its response to the motion to compel, plaintiffs assert only that the responsive information has previously been provided in plaintiffs' "disclosures."

In *Zapata v. IBP, Inc.*,[18] the court disapproved of answering an interrogatory by referencing documents previously produced.[19]  The court in *Zapata* stated,

> In some instances the defendant answers the interrogatories simply by referring plaintiffs to documents.  The court generally finds such practice unacceptable.  An answering party may affirmatively elect to produce its business records in accordance with Fed. R. Civ. P. 33(d) as its response.  It may also refer to documents attached to its answers to the interrogatories.  In this instance defendant has not exercised an option under Fed. R. Civ. P. 33(d).  Nor has it referred to documents attached to its answers.  Absent compliance with Rule 33(d) or attachment of appropriate documents, defendant may not direct plaintiffs to find answers from previously produced documents . . . .[20]

---

[15]  *Id.* at 9.

[16]  *Id.*

[17]  Defendant's Reply Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 95) at 5.

[18]  No. Civ. A. 93-2366, 1997 U.S. Dist. LEXIS 1328 (D. Kan. Feb. 4, 1997).

[19]  *Id.* at *5-6.

[20]  *Id.* at *5.

In this case, plaintiffs answered Interrogatory No. 16 by merely referring to previous discovery responses and disclosures.  Plaintiffs did not answer this interrogatory by producing their documents responsive to this request, nor did plaintiffs attach the responsive documents to their answers.  After reviewing the parties' motions and exhibits, the court is unable to determine which documents plaintiffs contend contain the information responsive to this interrogatory.[21]  For these reasons, the court finds that plaintiffs' answer to this request fails to meet the specificity requirement under Rule 33(d) and therefore overrules the objection.  The court will order plaintiffs to provide a supplemental response to defendant's Interrogatory No. 16.  The court notes that plaintiffs are not required to attach new copies of documents already produced, but cannot refer to documents generally.  Plaintiffs must identify the specific documents or parts of documents that contain the information responsive to defendant's Interrogatory No. 16 or otherwise provide a full and complete answer to Interrogatory No. 16..

Interrogatory 17

Defendant's Interrogatory No. 17 requests that plaintiffs, "[f]or each mortgage loan at issue in this litigation, identify and describe all investigations performed by or on behalf of Novastar, the facts discovered during these investigations, and the conclusions reached as a result of these investigations." Plaintiffs object to this interrogatory, claiming that the interrogatory is overbroad and duplicative.[22] Plaintiffs assert that this interrogatory is duplicative because all the documents responsive to this request have already

---

[21]   The court notes that plaintiffs previously agreed to "provide a summary of the facts why PMI's rescission or exclusion of coverage as to each loan was improper."  Plaintiffs' Memorandum, (Doc. 82) at 7.  However, during the course of discovery, defendant withdrew its request that plaintiff supplement its responses to defendant's interrogatories and filed the instant motion.

[22]   Plaintiffs' Memorandum, (Doc. 82) at 9.

been produced to defendant and were marked with Bates numbers.[23]  Moreover, plaintiffs assert that defendant  has previously acknowledged  receipt of the documents containing the information responsive to this request.[24]

A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[25]  The court finds that plaintiffs have made only a conclusory statement that the request is overly broad.  Plaintiffs have failed to substantiate this objection.  Further, the court finds that this interrogatory does not appear overly broad on its face.  Therefore, the court overrules this objection.

Plaintiffs also contend this interrogatory is duplicative because it requests information previously produced to defendant.  In its response, plaintiffs refer to a letter from defendant's counsel, in which defendant acknowledges receipt of "documents summarizing Novastar's investigations" into certain loans in response to a prior interrogatory.[26]  The court is unpersuaded by this objection.  "That different discovery requests for discovery may draw on the same or similar information does not necessarily create grounds for objection."[27]  Fed. R. Civ. P. 26(b)(2) provides that discovery methods may be limited by the court

---

[23] *Id.* at 9.

[24] *Id.* at 8.

[25] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

[26] Plaintiffs' Memorandum, (Doc. 82) at 8 (referring to Letter of January 27, 2005 from Aaron Rofkahr, attached to Plaintiff's Memorandum as Exhibit 1).  The letter to which Plaintiffs refer explains that certain documents were produced to Defendant in response to Requests for Production.

[27] *Mike v. Dymon, Inc.*, No. 95-2405, 1996 U.S. Dist. LEXIS 17329, at *9 (D. Kan. Nov. 15, 1996).

if it is determined that "the discovery sought is unreasonably cumulative or duplicative."[28]  The court finds that plaintiffs have made no showing that this interrogatory requests information that is unreasonably duplicative.  Therefore, the court overrules this objection.

The court interprets plaintiffs' answer to this interrogatory as invoking Fed. R. Civ. P. 33(d).  As noted above, an answering party "may affirmatively elect to produce its business records in accordance with Fed. R. Civ. P. 33(d) as its response."[29]  "It may also refer to documents attached to its answers to the interrogatories."[30]  In this instance, however, plaintiffs did not produce any responsive documents nor did plaintiffs refer to documents attached to its answers.  Again, absent compliance with Fed. R. Civ. P. 33(d), an answering party may not simply direct the opposing party to find the responsive answers in documents previously produced.[31]

For these reasons, the court finds that the defendant is entitled to the information requested in Interrogatory No. 17.  Because plaintiffs have failed to respond to the interrogatory in compliance with Rule 33(d), the court will order plaintiffs to provide a supplemental response to defendant's Interrogatory No. 17.  While plaintiffs are not required to attach new copies of documents already produced, they cannot refer to documents generally and must identify the specific documents or parts of documents that contain the information responsive to defendant's Interrogatory No. 17 or otherwise provide a full and complete answer to Interrogatory No. 17.

---

[28] Fed. R. Civ. P. 26(b)(2).

[29] *Zapata*, 1997 U.S. Dist. LEXIS 1328, at *5.

[30] *Id.*

[31] *See id.* at *6.

Interrogatory Nos. 19, 20, and 21

Defendant's Interrogatory Nos. 19, 20, and 21 request information from plaintiffs regarding certain factual assertions and contentions.[32]  In their response, plaintiffs object to these interrogatories, claiming that defendant failed to confer in good faith.[33]  As noted above, the court finds that defendant conferred in good faith and therefore, this objection to Interrogatory Nos. 19, 20, and 21 is overruled.

Plaintiffs further object that Interrogatory Nos. 20 and 21 are duplicative of answers to Interrogatory No. 16 of Defendant's First Set of Interrogatories, as well as to Interrogatory Nos. 2 and 3 of Defendant's First Set of Interrogatories.[34]  The court has examined the language of Interrogatory Nos. 20 and 21, as well as Interrogatory Nos. 2 and 3 from Defendant's First Set of Interrogatories, and is not persuaded by this objection.

Fed. R. Civ. P. 26(b)(2) refers to "unreasonably duplicative" discovery methods.[35]  Further, as noted above, "[t]hat different discovery requests for discovery may draw on the same or similar information does not necessarily create grounds for objection."[36]  Interrogatory Nos. 20 and 21 request that plaintiffs state the factual basis for their contentions that the loans at issue are "not subject to exclusion or rescission"

_____

[32] *See* Plaintiffs' Memorandum, (Doc. 82) at 9-10.

[33] *Id.* at 9.

[34] *See id.* at 9-11.

[35] Fed. R. Civ. P. 26(b)(2).

[36] *Mike v. Dymon, Inc.*, No. 95-2405, 1996 U.S. Dist. LEXIS 17329, at *9 (D. Kan. Nov. 15, 1996).

while Interrogatory Nos. 2 and 3 are contention interrogatories referring to "borrower misstatements" found on loan applications.  The court finds that Interrogatory Nos. 20 and 21 are not duplicative of previous interrogatories. Plaintiffs have made no showing that Interrogatory Nos. 20 and 21 constitute unreasonably duplicative discovery requests.  The court overrules plaintiffs' objection.  Plaintiffs shall provide full and complete answers to defendant's Interrogatories Nos. 19, 20, and 21.

Interrogatory Nos. 22 and 23

Defendant's Interrogatory Nos. 22 and 23 are contention interrogatories relating to information stated on loan applications.  Specifically, Interrogatory No. 22 states: "For each of the Stated Income Loans at issue in this litigation, do you contend that the borrower's incomes as stated on the loan applications are the borrowers' actual incomes at the time of applications?  If so, what is the basis for this contention?"

In its motion, defendant argues that plaintiffs did not provide a responsive answer to Interrogatory No. 22 when plaintiffs answered that "the incomes on the loan applications may be the borrower's actual incomes at the time of the application but it is uncertain because it did not . . . verify the borrower's income."[37]  Plaintiffs assert that they fully answered Interrogatory No. 22.[38]  The court finds that plaintiffs have failed to provide a complete and responsive answer to Interrogatory No. 22.  This interrogatory asks for an "yes" or "no" answer, and if answered in the affirmative, plaintiffs are requested to provide a further

_____

[37] *See* Defendant's Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 7.

[38] Plaintiff's Memorandum, at 11-12.

explanation.  Plaintiffs' response fails to provide such a complete and responsive answer.[39]  The court notes that providing a clear "yes" or "no" answer does not preclude plaintiffs from providing an explanation to its answer.  For these reasons, the court will order plaintiffs is to provide a complete and responsive answer to Interrogatory No. 22.

Interrogatory No. 23 states: "For each of the Stated Income Loans at issue in this litigation, do you contend that the borrowers' stated incomes are reasonable for the borrowers' stated occupations?  If so, what is the basis for this contention?"  Plaintiffs answered this interrogatory with the following response: "NovaStar states that the income stated on each of the stated income loans was reasonable given the borrowers' occupation and, in some circumstances, length of occupation and place of residence."[40]

Defendant does not object that plaintiffs have failed to provide a responsive "yes" or "no" answer to this interrogatory, but instead argues that plaintiffs "failed to provide the basis for this contention on a loan-by-loan basis."[41]  Interrogatory No. 23 is a contention interrogatory, seeking a "yes" or "no" answer, and if answered in the affirmative, an explanation of the basis for Plaintiffs' contention.[42]  The court finds that plaintiffs' response to Interrogatory No. 23 provides a sufficient explanation for its contention that the income stated on each of the stated income loans was reasonable.

---

[39] *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661 (D. Kan. 2004).

[40] *See* Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 62) at 5.

[41] Defendant's Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 9.  Defendant asserts that "[t]o the extent that a borrower's 'length of occupation and residence' were relevant in determining that the stated incomes were reasonable, NovaStar does not explain in detail why this is so." *Id.*

[42] *See Swackhammer*, 225 F.R.D. at 661.

12

Interrogatory No. 24

Defendant's Interrogatory No. 24 is a contention interrogatory, which asks: "Do you contend that when Novastar 'verified income through its 24 month business bank statement program' for the Smith, Jones, Ebensteiner, Atwood, and Tietgen loans . . . , Novastar verified that the incomes represented on the borrower's bank statements were the actual 'base employment incomes' of the borrowers, as the term 'base employment income' is used in the Uniform Loan Applications . . . for those loans? If so, what is the basis for this contention?"

Plaintiffs responded by stating that "[t]he 24 month bank statements are used to determine the potential borrower's cash flow and whether the cash flow can satisfy the mortgage payments." Defendant asserts in its motion that plaintiff's response is evasive and improper.[43]  Plaintiffs assert that due to the nature of the question, plaintiffs cannot provide a "yes" or "no" answer.[44]

Similar to the above contention interrogatories, Interrogatory No. 24 requests a "yes" or "no" answer, and if answered in the affirmative, an explanation of the basis for plaintiffs' contention.[45]  Fed. R. Civ. P. 33(b) requires that an party responding to an interrogatory answer fully and to the extent not objectionable.[46]  Here, plaintiffs have not provided a clear "yes" or "no" answer to defendant's interrogatory.  Thus, the court finds that plaintiffs have not provided a responsive answer to defendant's

---

[43] *See* Defendant's Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 10.

[44] *See* Plaintiffs' Memorandum, (Doc. 82) at 14.

[45] See *Swackhammer*, 225 F.R.D. at 661.

[46] Fed. R. Civ. P. 33(b).

interrogatory.  Plaintiffs may include an explanation of its answer, but must provide a responsive answer nonetheless.  The court will order plaintiffs to provide a complete and responsive answer to defendant's Interrogatory No. 24, and if plaintiffs answer "yes," plaintiffs shall provide an explanation of their contention.

Interrogatory Nos. 25-27

Defendant's Interrogatories Nos. 25-27 request that plaintiffs identify "any communications" between plaintiffs and defendant, among plaintiffs' employees, and between plaintiffs and third parties regarding specific topics listed within the interrogatories.[47]  Interrogatories 25, 26, and 27 are limited to those communications that have not already been identified "in response to prior interrogatory responses." In its answers to Interrogatory Nos. 25-27, plaintiffs answered by referencing their previous disclosures, responses to discovery requests, and/or documents previously produced.[48]

Defendant argues that these answers are incomplete and evasive.[49]  In its response to defendant's motion, plaintiffs assert that defendant's motion to compel discovery as to Interrogatory Nos. 25-27 should be denied due to defendant's alleged failure to confer in good faith.  As noted above, the court finds that defendant complied with the duty to confer under Fed. R. Civ. P. 37(a)(2)(B).

The discovery sought by Interrogatory Nos. 25-27 is expressly limited by the language "to the extent you have not already done so in prior interrogatory responses."  However, plaintiffs answered these

---

[47] *See* Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 62) at 5-7.

[48] *See id.*

[49] *See* Defendant's Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 12.

interrogatories by referencing previous responses to disclosures and discovery requests. In doing so, plaintiffs provided a non-responsive answer to defendant's Interrogatory Nos. 25-27. Therefore, the court will order plaintiffs to provide full and complete answers to defendant's Interrogatory Nos. 25-27.

Interrogatory Nos. 28, 29, 32, and 33

Plaintiffs answered Interrogatory Nos. 28, 29, 32, and 33 by referencing previous responses to disclosures and discovery responses. Defendant asserts that plaintiffs' answers are evasive and incomplete; plaintiffs assert the discovery under these interrogatories should be denied due to defendant's alleged failure to confer under Rule 37(a)(2)(B). The court finds that defendant satisfied the duty to confer in good faith and, therefore, this objection is overruled.

The court interprets plaintiffs' answers to Interrogatory Nos. 28, 29, 32, and 33 as invoking Fed. R. Civ. P. 33(d). As noted above, an answering party may "affirmatively elect to produce its business records in accordance with Fed. R. Civ. P. 33(d) as its response."[50] "It may also refer to documents attached to its answers to the interrogatories."[51] In this instance, however, plaintiffs neither produced any responsive documents nor referred to documents attached to their answers. Absent compliance with Fed. R. Civ. P. 33(d), an answering party may not simply direct the opposing party to find the responsive answers in documents previously produced.[52] Thus, the court finds that plaintiffs have failed to provide responsive answers to defendant's Interrogatory Nos. 28, 29, 32, and 33 in compliance with Rule 33(d).

---

[50] *Zapata*, 1997 U.S. Dist. LEXIS 1328, at *5.

[51] *Id.*

[52] *See id.* at *6.

The court will order plaintiffs to provide full and complete answers to defendant's Interrogatories Nos. 28, 29, 32, and 33.

Interrogatory No. 34

Defendant's Interrogatory No. 34 requests, in the event plaintiffs deny defendant's Requests for Admission Nos. 14-22, that plaintiffs state their factual basis for such denials and identify "all persons whom [plaintiffs] believe to have knowledge of facts relating to each denial."[53]  Plaintiffs responded by referring to its "responses to all previous discovery responses and disclosures."[54]  Defendant asserts that plaintiffs' response is evasive and incomplete.[55]  As noted above, plaintiffs argue that the motion to compel with respect to this interrogatory should be denied for defendant's alleged failure to confer.  Again, the court finds that defendant satisfied the duty to confer.

The court interprets plaintiffs' answer to Interrogatory No. 34 as invoking R. 33(d).  However, plaintiffs did not produce any responsive documents, nor did plaintiffs refer to documents attached to their answer.  Therefore, the court finds that plaintiffs have failed to provide a responsive answer to defendant's Interrogatory No. 34.  The court will order plaintiffs to provide a full and complete answer to defendant's Interrogatory No. 34.

## 2.  Requests for Admissions

Requests for Admissions Nos. 17-22

---

[53] Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 62) at 9.

[54] *See id.*

[55] *See* Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 12.

Defendant's Requests for Admissions Nos. 17, 19, and 21 request that plaintiffs admit that the incomes stated on various borrower's loan applications were not the borrower's actual income at the time of the application.[56] Request No. 19 also requests that plaintiffs admit that the borrower's stated income "is not reasonable for a school office worker in the Richmond, Virginia area."[57] Defendant's Requests for Admissions Nos. 18, 20, and 22 request that plaintiffs admit that the specified amounts were the particular borrower's actual income at the time of the borrower's application.[58]

Plaintiffs objected to Requests for Admissions Nos. 17-22 on the ground that these requests are "vague as to time." The requests were based upon the date of each borrower's application for a loan and referenced the specific Bates stamped loan application in each instance. The court fails to see how the requests were "vague as to time." As such, the court finds plaintiffs' objection unfounded and overrules it on this basis.

Plaintiffs then stated, without waiving their vagueness objection, that they could neither admit nor deny the requests because "[they were] not required to, nor did [they], verify the borrower's income," and, therefore, plaintiffs "did not know the borrower's actual income."[59] Defendant argues that plaintiffs' response is evasive and requests that the court order plaintiffs to provide amended responses to these

---

[56] *See* Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 62) at 3-5.

[57] *Id.* at 3.

[58] *See id.* at 3-5.

[59] *See id.*

requests "which fairly meet the substance of the requested admission."[60]  In their response, plaintiffs assert

that this response is the only response they can give.[61]

> Fed. R. Civ. P. 36 governs requests for admissions and includes the following requirements:
>
> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. . . . An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."[62]

Here, plaintiffs claim they cannot admit or deny these requests because they "did not know the

borrower's actual income."  The court is unpersuaded by plaintiffs' explanation as to why plaintiffs are

unable to admit or deny this request.  Pursuant to Fed. R. Civ. P. 36(a), plaintiffs cannot assert a lack of

information as a reason for its failure to admit or deny these requests unless plaintiffs state that "the

information known or readily obtainable" by plaintiffs is insufficient to enable them to admit or deny.

Plaintiffs state only that they "did not know the borrower's actual income" at the time the borrower applied

for the loan.  They do not indicate that they have made a reasonable inquiry as required by the rule.  The

reason set forth as to why plaintiffs cannot admit or deny is clearly insufficient.

These requests ask plaintiffs to admit information based on the information available to plaintiffs.

Whether, at the time of the borrower's application, plaintiffs knew or should have known the borrower's

actual income at that point in time, remain issues for trial not addressed in defendant's Requests for

---

[60] Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 14.

[61] *See* Plaintiffs' Memorandum, (Doc. 82) at 19-20.

[62] Fed. R. Civ. P. 36(a).

18

Admissions Nos. 17-22.  Therefore, the court will order plaintiffs to provide amended responses to defendant's Requests for Admissions Nos. 17-22 that fairly meet the substance of the requested admissions.

### 3.  Requests for Production

<u>Requests for Production Nos. 14 and 20</u>

Defendant's Request for Production No. 14 seeks "all documents constituting or referring to the underwriting guidelines that relate to the Novastar loans at issue in this litigation."[63]  Defendant's Request for Production No. 20 requests "[a]ll documents regarding or referring to the process by which Novastar suspends or otherwise takes action against those mortgage brokers that originate Novastar mortgage loans if Novastar concludes that the brokers have made misstatements, misrepresentations, or engaged in other fraudulently activities."[64]  Plaintiffs answered both Request Nos. 14 and 20 by stating that, to the best of their knowledge, plaintiffs had "provided all documents in its custody or control that are responsive to" the requests.[65]

In its motion to compel, defendant believes that, in light of plaintiffs' responses to other discovery requests, plaintiffs possess certain documents responsive to these requests that should be produced.[66]  In

---

[63] *See* Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 62) at 3.

[64] *See id.* at 5.

[65] *Id.*

[66] *See* Memorandum in Support of Defendant's Motion to Compel and Request for Sanctions, (Doc. 14) at 14.  Specifically, defendant argues that plaintiff's underwriting guidelines have been amended since 1999, and that "to the extent they exist," these documents are relevant and should be produced.  *Id.*

their response, plaintiffs assert that they have "not refused to produce anything described" in these requests.[67]   The court is unpersuaded by defendant's argument.   Here, defendant has asserted only that certain underwriting guidelines "may have been amended," and that "to the extent they exist, [such guidelines] are relevant" and should be produced.[68]   The court is "unable to compel a party to respond to document requests when such party contends the documents have already been produced and the Court has no evidence to the contrary."[69]   Therefore, defendant's motion with respect to Requests for Production Nos. 14 and 20 is denied.

Request for Production No. 19

Defendant's Request for Production No. 19 seeks "[a]ll documents regarding or referring to any actual or alleged misrepresentation, omissions, or fraud in any Novastar loan by any of the mortgage brokers involved with any of the Novastar loans at issue in this litigation."[70]   Plaintiffs object to this request on the grounds that it is "overbroad and seeks material not designed to lead to the discovery of admissible evidence."[71]

_____

[67] Plaintiffs' Memorandum, (Doc. 82) at 21.

[68] Memorandum in Support of Defendant's Motion to Compel and Request for Sanctions, (Doc. 63)  at 14.  Both parties indicate that Plaintiffs subsequently agreed to produce documents relating to additional guidelines by February 25, 2005.  *See id.* at 14-15; Plaintiffs' Memorandum, (Doc. 82) at 21-22.

[69] *United Phosphorus Ltd. v. Fox*, No. 03-2024, 2004 U.S. Dist. LEXIS 20100, at *5 (D. Kan. 2004) (citing *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 566 (D. Kan. 1997)).

[70] *See* Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 62) at 5.

[71] Plaintiffs' Memorandum, (Doc. 82) at 22.

The court first addresses plaintiffs' overbreadth objection. "A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the request appears overly broad on its face."[72] The court finds that plaintiffs have failed to substantiate this objection. Further, the court finds that this request is not overly broad on its face. For these reasons, the court overrules this objection.

The court next addresses plaintiffs' objection that this request seeks material not designed to lead to the discovery of admissible evidence. Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[73] "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[74]

Plaintiffs make only a general objection, without any supporting facts or arguments. Plaintiffs fail to carry their burden to show that the requested discovery lies outside the scope of relevancy or that the relevancy of this discovery is so marginal that the potential harm from complying with the request would

---

[72] *Cory v. Aztec Steel Bldg., Inc.*, No.  2005 U.S. Dist. LEXIS 832, at *11 (D. Kan. 2005) (citing *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[73] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[74] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

outweigh the general presumption favoring broad discovery.[75]  Therefore, the court overrules this objection.

Plaintiffs shall produce to defendant all documents in plaintiffs' control and/or possession responsive to

Request for Production No. 19.

### 4.  Request for Sanctions

Defendant requests that the court impose sanctions against plaintiff due to their "incomplete and

obstructive discovery responses."[76]  Specifically, defendant requests that the court assess sanctions against

plaintiffs for its reasonable expenses incurred as a result of the instant motion to compel, including attorney's

fees and expenses associated with preparing and filing the motion, and with the efforts of defendant's

counsel in resolving these discovery disputes.[77]   Plaintiff argues that its discovery responses were

reasonable under the circumstances.[78]  Further, plaintiff argue that even if defendant's motion is granted,

sanctions are not warranted.

Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court *shall*, after affording an opportunity to be
> heard, require the party . . . whose conduct necessitated the motion or the party or
> attorney advising such conduct or both of them to pay to the moving party the reasonable
> expenses incurred in making the motion, including attorney's fees, unless the court finds
> that the motion was filed without movant's first making a good faith effort to obtain the

---

[75] Plaintiffs' only argument with respect to this request appears to be based on defendant's alleged failure to "make reasonable efforts to resolve this matter prior to raising it in a motion to compel." Plaintiffs' Memorandum, (Doc. 82) at 22.  As noted above, the court finds that defendant satisfied the certification requirement provided in Fed. R. Civ. P. 37(a)(2)(B).

[76] Memorandum in Support of Defendant's Motion to Compel Discovery and Request for Sanctions, (Doc. 63) at 18.

[77] *See id.*

[78] Plaintiffs' Memorandum, (Doc. 82) at 23.

disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. (emphasis added).

Fed. R. Civ. P. 37(a)(4)(C) "allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part.  Under that rule, the court may 'apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.'"[79]

With the exception of the court's denial to require further response from plaintiffs regarding defendant's Interrogatory No. 23 and Requests for Production Nos. 14 and 20, the court will grant defendant's motion in all respects.  The court finds that defendant's undertook a good faith effort to confer and resolve the disputes giving rise to this motion without the necessity for action by the court.  The court further finds that there was not substantial justification for plaintiffs failure to adequately respond to defendant's discovery requests and that an award of defendant's reasonable expenses, including attorneys' fees, incurred as a result of the instant discovery dispute and motion to compel is an appropriate and just sanction in this circumstance.  The court will therefore order that defendant provide the court with an accounting of its reasonable expenses, including attorneys' fees, incurred as a result of the instant discovery dispute and motion to compel on or before July 5, 2005.

## II.  Conclusion

Based upon the foregoing, the court concludes that defendant's motion to compel should  be granted in part and denied in part, and that defendant should receive an award of its reasonable expenses

---

[79] *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343, at *26 (D. Kan. 2005) (quoting Fed. R. Civ. P. 37(a)(4)(C)).

in pursuing its motion to compel as a sanction for plaintiffs' failure to provide full and complete discovery responses.

**IT IS THEREFORE ORDERED:**

1.      That defendant's motion (Doc. 62) is granted in part and denied in part.

2.      That plaintiffs Novastar Financial, Inc. and Novastar Mortgage, Inc.  shall produce to defendant PMI Mortgage Insurance Co., within ten (10) days of the entry of this order, by **July 1, 2005**,  supplemental responses to defendant's Interrogatory Nos. 16, 17, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 32, 33, and 34.

3.      That plaintiffs shall provide defendant, within ten (10) days of the entry of this order, by **July 1, 2005**, supplemental responses to defendant's Requests for Admissions Nos. 17-22,  giving  full and complete answers to defendant's requests, or if answering pursuant to Fed. R. Civ. P. 33(d), attaching documents to the response or referring to specific documents or parts of documents that contain the information responsive to defendant's interrogatories.

4.      That plaintiffs shall produce to defendant, within ten (10) days of the entry of this order, by **July 1, 2005**, all documents in plaintiffs' control and or possession responsive to defendant's Request for Production No. 19, including but not limited to documents regarding or referring to any actual or alleged misrepresentation, omissions, or fraud in any Novastar loan by any of the mortgage brokers involved with any of the Novastar loans at issue in this litigation.

5.      That defendant shall recover of plaintiffs its reasonable fees and expenses, including

attorneys' fees, incurred as a result of the instant discovery dispute and motion to compel.

Defendant shall submit to the court, by **July 5, 2005**, an accounting of the reasonable fees

and expenses (by date, time, and category) for which it seeks recovery.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2005, at Topeka, Kansas.




                                        s/K. Gary Sebelius
                                        K. Gary Sebelius
                                        U.S. Magistrate Judge